Hassell v. Fischer Mr. LeBreux You're up Good afternoon, your honors. Lawrence LeBreux for the appellant, Mr. William Hassell We bring in two propositions before this court The first is that Mr. Hassell suffered a multiple punishment in violation of the Double Jeopardy Clause for a period of January 29, 2008 to 17 June 2010 and also his due process rights were violated from the same period Now, I'm going to talk a little bit about the statutory scheme in New York State if the court allows me because that has significance for this case and it has significance for the relevance of Keene v. Cuomo to this case Now in the state of New York, New York's always had a comprehensive statutory scheme regarding sentencing and the implementation of post-release supervision didn't change that The law in New York has always been that judges sentence people and that was codified in the criminal procedure law at 380-20 and that a defendant has to be present to be sentenced That law was in effect before post-release supervision was implemented and after post-release supervision was implemented and the Court of Appeals has addressed that issue and has definitively stated that sentencing is a judicial function Now, post-release supervision was implemented by the legislature and post-release supervision didn't change the statutory scheme It just added another component In effect, the legislature says, if you've got to determine a sentence, then you've got to add post-release supervision to that sentence Now in this particular case, Mr. Hassell was sentenced He was already serving time on another charge of state and he was sentenced to three and a half years on a Class D violent felony of assault in the second degree Now the legislature has set out a comprehensive scheme despite what may have been argued before this court before but in state courts in New York, in the criminal realm, the legislature has set out a statutory scheme as to how much post-release supervision applies to what crime and under what circumstances and that's in 7045, the post-release supervision statute, that's 745-2 For a Class D violent felony of assault in the second degree, the maximum amount of post-release supervision that any criminal defendant in New York State Court can receive is three years That was the law, that's always been the law Which ruling of the district court are you now telling us is error? I'm saying that the district court's ruling, the ruling that the district court issued on the judgment on the pleadings and I believe it was in May of 2000, I don't have the exact date but it was on the judgment on the pleadings and I'll give you the exact date in a second when I can get to it but it's the definitive decision here and it was actually issued No, I don't mean the date of his ruling, I mean what part of his decision making are you saying is error? The district court decision? Yes, that's the one on appeal The decision where the judge ruled that there's no basis for a violation of the double jeopardy clause Our position is that that's an incorrect statement Is this relating to qualified immunity? Yes, this is related to So you're challenging the ruling that their side gets qualified immunity Correct, that they don't get qualified immunity for the double jeopardy clause Because that was sufficiently established? Yes, sir And what established it at the time that's relevant? Well, what established at the time, there was a series of second circuit cases that had been decided, U.S. versus I thought it was the New York Court of Appeals that decided the double jeopardy point They did decide the double jeopardy point And when did they decide it in relation to this claim? They never decided it in relation to this claim, the case went up to the Court of Appeals in 2010 And that was from the state criminal court matter Because a notice of appeal was filed as a result of the defendant getting re-sentenced in state court Okay, so procedurally When these defendants acted, had the New York Court of Appeals made the double jeopardy ruling? Could you repeat, Your Honor? When these defendants took the action you complain of, had the New York Court of Appeals made the double jeopardy ruling? No Then how could it be established at the time they acted? It's established based on second circuit precedent We ruled on the double jeopardy point? This court has ruled in three different cases And I cite them in my response and reply brief on page 15 This court is not exactly on point with post-release supervision But in a sentencing case, and this is what we have here, a sentencing case This court has held that, in effect, if a person is served this time and you re-sentence them, that's double jeopardy here Now, that doesn't address post-release supervision No court had said that post-release supervision, in the context of post-release supervision That there's been any violation of the double jeopardy clause in New York state court until 2010 But in federal court, in regards to sentencing, and this is what we have, is a sentencing case They were supposed to know that post-release sentencing would count the same way as an actual incarceration sentence? Yes, yes, yes, they were supposed to know that definitely, and that's based on New York law Even before any of these issues were litigated Because the legislature specifically said when they passed the post-release supervision statute That post-release supervision is made a component of every sentence So when you're talking about post-release supervision, you're actually talking about a sentence So in this case, what we have is a situation where the executive branch in New York state cannot sentence people They're bound by the sentencing commitment papers, and that's clearly established New York law What these individuals did is they took it upon themselves to add post-release supervision administratively to Mr. Hassel's sentence Now, we can see that if he hadn't served all his time, any judge can always have the inherent authority to correct their sentence But you have finality where an individual has completely served his time, and there was a statutory mechanism in place to correct this The legislature, before even post-release supervision was even passed, they passed the statute 601A Which specifically said, look, corrections individuals, if you have a problem and you think someone hasn't been sentenced properly You contact the district attorney, and we will produce that person in court in the county in question so that they could be resentenced This wasn't done in this particular case For those reasons, Your Honor, we believe that the sentence, the judge's decision in this case Should have ran from 29 February to 17 June 2010 regarding due process and double jeopardy And that the defendants are not entitled to immunity because there's clearly established law on this point He gave you damages for six months, period, is that right? Yes, he cut And when did that period start? I believe he gave damages from the period of when, and I may be mistaken I think he gave it from the 29 February 2008 until Judge Yuval Are you sure of that? I'm not 100% positive Wasn't it June 3rd, 2008? It might be June 3rd, 2008 All right But the critical issue on that is that his decision revolved around the fact that When Judge Yuval resentenced him after he served his time, that that was the cutoff point But when the judge gave you the six months worth of money, $100 for each month Correct He started it at June 3rd, 2008  Is that right? That sounds about right, Your Honor At a time when your client was at that point under either conditional release or PRS, right? Correct, sir So how can he get money for those three months when he's still under that? That didn't end until August 31, right? His post-release supervision? Or his His actual sentence The sentence itself His actual sentence issue ended on August 31, but That's right So how can he get any money before that time? Because he was actually on post-release supervision according to the statute from 29 January 2008 As soon as he was released And the conditions of post-release supervision are different from conditional release In what respect are they more severe? Well, the statute spells it right out, and I'll go into it briefly if the Court is so inclined At 745, subsection 2 and subsection 5 in the special appendix at page 70 Basically, with post-release supervision, first you could only get three years, they gave him five years No, no, no, no, no, no We're talking What I thought we were focusing on is What does post-release supervision do to a person beyond conditional release? Oh, post-release supervision, you can be required to participate in a drug program Post-release supervision, if there's a violation, then you can be required to serve an additional sentence incarcerated Did that happen to this person? This did not happen to this person So did anything happen to this person during the three months after June 3, 2008 That wouldn't have happened under conditional release? What happened was he was being supervised under the specter of post-release supervision He didn't have an incident, but you have two things that are totally different here The implications of the two are different So while he's supposed to be on conditional release, but he's actually on post-release supervision And the implications of those two are totally different How do you know he was on post-release supervision and not conditional release? Pursuant to the statute, 745 and subsection 5, it specifically spells out how post-release supervision is applied When it starts and when it is imposed I understand that, but I don't think the legislation tells us what to do with a person who is conditionally released from a sentence of commitment Does it? Yes, it does And what does it say? The statute says that if you have post-release supervision, as soon as you come out of prison You're placed on post-release supervision and your conditional release is held in abeyance When does it start? After you finish your post-release supervision, then your conditional release comes into play And then they will credit you with any time that you've used with post-release supervision That will be credited towards your conditional release Okay Let me ask you about the award of damages to your client You haven't appealed that, is that right? Yes, we did You did? Yes, Your Honor And what's the basis for the appeal? The basis for the appeal is that damages weren't properly evaluated There was an order of regulating liability and the damage period should run until 17 June 2010 Because he was actively on post-release supervision In fact, New York and the great state of New York, you have to pay money to be supervised You have to pay money to be punished So he was paying money and meeting the conditions until June 2010 He just didn't have to report Your appeal of the award of damages is in your brief and in your notice of appeal, presumably Yes, sir You want damages through 2010? Until the Court of Appeals released him from post-release supervision, Your Honor He was resentenced in December of 2008, wasn't he? He was resentenced to post-release supervision in December of 2008 How could these people possibly be liable for damages beyond that point? All they had to do was tell the state authorities to get him post-release sentencing Which they did, maybe they did it late But they notified the authorities and the authorities resentenced him So how can you get damages beyond the date of resentencing? Well, because A, Your Honor, our position is they didn't have the authority to even bring him back for resentencing They held him in a process where they were regulating his life and bringing him back to court And affecting his liberty interests with regard to post-release supervision Maybe, but once a court of New York resentences him, how are these people, these defendants liable thereafter? Well, because the sentence of the court was a nullity because the court lost jurisdiction under New York State Why, maybe, but you mean a corrections, a Department of Corrections stands responsible for mistakes that a state court makes? Well, the state court, the question is, did the state court make a mistake? You're saying they did, you're saying it's a nullity I'm saying it's a nullity because I'm asking you, how can they possibly be liable for a state court making a mistake? They're liable because the state court didn't even have authority to reach a mistake And these individuals were affecting his liberty interests with the post-release supervision they imposed before he was released So if the judge's decision to resentence him is considered a nullity The only thing that's left is these individuals, their imposition of post-release supervision Thanks, Mr. Lebreu And then we'll hear from Mr. Del Pozo May it please the court, Eric Del Pozo for the cross-appellants I'd like to start What are you appealing? We are appealing from any award of damages for due process liability From June 3rd, 2008, which is the start date that Judge Hellerstein imposed Through the December 3rd resentencing I'll start with the period after that, though Post-resentencing This is the part of the district court's decision that was correct There can be no due process liability for this period To Judge Newman's question, there was a state criminal court resentencing order And the supervision was occurring by dint of that order There can't be any early separation of powers type injury And there was no clearly established double jeopardy violation as this court held In King v. Cuomo, that was a few years after Mr. Hassel was resentenced If three appellate judges thought the law was in flux At that point, state executive officials can't have been expected to define the answer before then I'd like to spend the bulk of my time, however, addressing the issues in our cross-appeal And these are the due process issues Judge Hellerstein imposed damages for liability starting on June 3rd, 2008 And Mr. Hassel didn't even ask for these This was something that Judge Hellerstein unilaterally did And until August 31st, 2008, Mr. Hassel was serving out his pronounced determinate sentence There couldn't have been an early error at all, let alone a clearly From June 3rd, you're saying? From June 3rd, yes, Judge Newman He was on PRS at that point He was as a technical matter of New York statutory law What happens is the remainder of the determinate term is held in abeyance So you agree with him, he was on PRS for the whole six months that the judge awarded He was, but there are two important things to note He was conditionally released to post-release supervision As the New York Court of Appeals has made clear in a couple of cases This period of conditional release, the last seventh of an eligible offender's determinate term Is part of the pronounced determinate prison sentence It's subsumed within the pronouncement of the initial sentencing court I thought he told us it got postponed until after the PRS It did as a technical matter of New York law, the way that docs will calculate this Either it got postponed or it didn't It did, Judge Newman, but the But if it did get postponed, then he was then under PRS And the district judge was right in counting those three months The premise may be right, but the conclusion doesn't follow Mr. Hassel was still serving out his three and a half year determinate term So no matter what the mode of supervision was Docs had authority under the criminal court's pronouncement to supervise Mr. Hassel for three years And to the extent that there's any ambiguity in the state of the law even today Then the defendants would be entitled to qualified immunity At least some reasonable officials that have, what this court has noted Are the wide range of reasonable officials who enforce the law in this country Could have read early to mean that supervising an offender during the full determinate term Wouldn't violate due process Early itself explicitly stated that docs could supervise early for six years That was the entirety of Mr. Early's determinate term You're saying those first three months shouldn't have been included in the damage calculation That's right, absolutely Either on the merits because Mr. Hassel was serving out his determinate term It hardly matters What you're really fighting about is the attorney fee You don't really care about the $300, right? We are, Judge Newman, fighting about the attorney's fees Not independently if Mr. Hassel gets some relief on his claims We'll concede that he's a prevailing party under 1988 But if the entire award gets reversed or the entire liability finding gets reversed Then the prevailing party status disappears But this case presents a broader principle for docs And there are 8,000 affected offenders This court has seen these cases before Batances, Vincent, several others And we don't want this case, in Judge Hellerstein's opinion, being used as a bellwether Both for the imposition of liability during the offender's determinate term Which, if not a reasonable reading, really should be barred by early outright But also for allowing due process liability to extend past the point Where docs was actively undertaking reasonable efforts to resentence all offenders statewide So is that the ultimate issue? Whether the efforts of these defendants was reasonable under the circumstances? It is for the last period of damages that I'm going to talk about Not for the conditional release period or the pre-maximum expiration period Up until August 31st, 2008 Liability there is taken care of by the judicial pronouncement of the three and a half year sentence And for the period on and after December 3rd, 2008 King v. Cuomo takes care of that Now I'm talking about the post-Emmy award of damages From August 31st, 2008 until the resentencing Before you do that, just very, very briefly Do you agree that there was some harm to this individual During that first three month period Because he was living under the specter of a possible violation? No, I don't, Judge Shetigny The conditions of conditional release and post-release supervision Are virtually, if not actually, indistinguishable Contrary to what my adversary has said It's a seamless transition from the end of your conditional release period Or the end of your pronounced determinate sentence If you get conditional release up through post-release supervision Mr. Hessel hasn't challenged the award of nominal damages We think it would be independently justified in this case Judge Hellerstein said that in his order regulating liability That if Mr. Hessel had been resentenced a little bit earlier His life wouldn't have changed in the slightest It actually would have Had he been resentenced before his maximum expiration date He wouldn't have had the benefit of the later arising double jeopardy defense That ultimately led to excising about three-fifths of that term So we do think the nominal damages were correct This Court need not reach that It hasn't been put at issue in this appeal by Mr. Hessel On the question of Dock's reasonable efforts This is the standard that this Court laid out in Vincent And then again recently in Batances For determining whether Dock's officials had complied with early It's almost a different sort of qualified immunity And a different sort of claim Whether Dock's took reasonable efforts to implement early To rectify early statewide This Court has never before addressed or even examined When those efforts in fact occurred It's held that those efforts were too late when they started But this case squarely teased that up And our position here is two-fold And we argue in the alternative One, no offender released to post-release supervision Or to have his maximum expiration date arise After the passage of Correction Law 601D By the New York Legislature Should have any due process claim For two reasons One, the statute itself was a superseding or obstructing cause That locked all state actors into very specific roles The court system, Dock's, defendants and prosecutors And at that point Dock's had already And this is the second reason Already been undertaking reasonable efforts To have all offenders statewide were sentenced after early So after that, as Batances said in the footnote The actions of other state actors could influence causation Or cut off causation for due process injuries We think that that occurred with Section 601D But if this court doesn't agree At the very latest The outer limit of liability for any offender here Whether nominal damages or not And many of the offenders in these cases Have been arguing for more than nominal damages So this question is important to Dock's It should be at the ascending of the Section 601D notice For any particular offender As Batances made clear And in fact this was a driver of its holding Efforts made or not made by other actors in the state system Should be irrelevant for qualified immunity After Dock's sends that 601D notice Under the statute It's essentially tasked with waiting around for the court to act The court has a 40-day deadline to resentence an offender That's the outer limit It could act sooner In most cases that limit was breached Because the defendants had asked for multiple adjournments Dock's should not be held responsible for any of that But at a bare minimum The defendants here should be entitled to qualified immunity Either at the earlier date As of the earlier date we've proposed June 30th or the later date Here September 15th But on the 601D notice The overriding principle being that an official Could have believed that prompt and reasonable Compliance with Section 601D Also satisfied any due process concerns Thank you Mr. Del Po Thank you Mr. Brewer you've reserved two minutes But I'll be very strict on this Okay Regarding King v. Cuomo I wanted to bring one thing to the attention of the court From looking at the underlying briefs and what was argued They never even argued state law They based everything on federal law So no state law was even brought forward to the court With regard to 601D 601A was in effect When Mr. Hassell originally got sentenced And has always been the law Our position is you can't ignore one statute And ignore a statutory scheme and claim immunity And finally with regard to conditional release And post-release supervision There's a fundamental difference between the two With conditional release you serve seven-eighths of your sentence And then with that last one-eighth You're released to effect to parole or conditional release If you have any type of violation Your only exposure is the rest of your sentence Which would be that one-eighth that's left With post-release supervision it's different When you're released to post-release supervision If you have a violation of your sentence Then you're subject to the maximum amount of post-release supervision That you've been subject to So it's not going to be six or seven months It could be three years And in this case he was sentenced to five years post-release supervision And the statute limited him to three years Thank you Mr. Roberts very much We reserve the decision